*213
 
 Daniel, J.
 

 This is an action of trespass
 
 vi et armis da bonis
 
 asportaiis, in taking and carrying away a bed and its furniture, the property of the plaintiffs.
 
 Plea
 
 — not
 
 guilty.
 
 The judge in his charge to the jury assumes, that trover would lie for the plaintiffs, and therefore that the plaintiffs must have had not only the title to the bed, but also the right to the immediate and exclusive use and possession of it. It seems that the mother of Mrs. Setzar was the bailee of the bed, and the defendant, when he took possession pf it as her executor, stood in the same relation. The bailor demanded of him the bed, and he refused to give it up. This refusal turned him into a wrong-doer, and was in itself evidence of a conversion. The defendant however went on, and sold the bed to some third person. Cap an option of trespass be sustained by the bailor for these acts done by the bailee
 
 1
 
 If a bailee misuses the thing bailed, an action on the case lies. And if the bailee, on demand, refuses to deliver up the thing bailed, or sells it. but does not destroy it, then trover may be brought. But if the bailee destroys the thing bailed, as if sheep or cattle be bailed, and the bailee kills them, then trover or trespass may be maintained by the bailor against the bailee, as the bailment is determined by the act
 
 ;
 
 Co. Lit. 57, (a) 58, 200, (a.) 3 Stephens N. P. 2637. It does not appear from the case, that the bed is destroyed, or out of the reach of the plaintiffs, and trover may often be brought when trespass cannot, (2 Saund. R. 47, (p.) as if goods are lent or delivered to another to keep, and he refuses to return them on demand, trespass does not lie, but the proper remedy is trover. The judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.